UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MELVIN E. DAVIS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:09-CV-259-TAV-DCP |
| | ) | 3:05-CR-112-TAV-DCP-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner's motion to supplement his original § 2255 petition in light of several Supreme Court cases [Doc. 1] and Petitioner's Motion for Relief by Default Judgment [Doc. 2; Doc. 213, 3:05-cr-112]. Because the Court finds that Petitioner's motions [Docs. 1, 2] are an unauthorized second or successive motion under § 2255, it will **TRANSFER** his filings to the Sixth Circuit Court of Appeals.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a district court may not consider a "second or successive motion" collaterally attacking a defendant's federal sentence until the appellate court, as provided in 28 U.S.C. § 2244, certifies that the motion satisfies the requirements of § 2255(h). § 2255(h); *see also* § 2244(b)(3)(A). If a defendant fails to obtain authorization before filing such a motion in the district court, the district court must transfer the motion to the appellate court under § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

However, the district court must first determine that a subsequent petition is indeed "second or successive." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). The

definition of a second or successive motion within the meaning of § 2244(b) remains somewhat hazy. *See Askew v. Bradshaw*, 636 F. App'x 342, 346 (6th Cir. 2016) (noting that AEDPA does not define the term and citing *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), for its characterization of "second or successive" as a "term of art"). But, the Supreme Court has indicated that a second or successive § 2255 motion is one that raises new "claims" after a defendant has already litigated and lost a § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (holding that "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims'"); *In re Nailor*, 487 F.3d 1018, 1022–23 (6th Cir. 2007) (holding that the reasoning in *Gonzalez* applies to § 2255 proceedings, and that "a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence 'if it attacks the federal court's previous resolution of a claim *on the merits*'" or if it "attempts 'to add a new ground for relief'" (quoting *Gonzalez*, 545 U.S. at 532)); *see also In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) ("[C]ourts defining 'second or successive' generally apply abuse of the writ decisions, including those decisions that predated AEDPA. . . . Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect."). Section 2255(h) provides that one such new claim might rest on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

In Petitioner's original § 2255 motion, he alleged numerous instances of ineffective assistance, in addition to:

> the violation of the Double Jeopardy Clause constituted plain error; the denial of his motion to suppress constituted plain error; the district court abused its discretion in refusing to instruct the jury on a lesser-included offense; petitioner's statement should not have been admitted at trial and during sentencing; and the district court erred in increasing petitioner's sentence based upon judge-found facts

[Doc. 154 p. 5, 3:05-cr-112]. The Court denied the motion on the merits [*Id*. p. 18]. In the instant motion, Petitioner seeks to collaterally attack his sentence again, this time by contending that cases litigated after his original motion alter the definition of what qualifies as a violent felony predicate for career offender status [Doc. 1]. He therefore requests that this be considered a supplement to his original submission [*Id*. p. 3]. Because Petitioner's motion presents a ground for relief from his sentence that he did not raise in his previous § 2255, Petitioner's motion presents a new "claim[]" and accordingly qualifies as a second or successive § 2255 motion.

Petitioner has also filed in both his civil and criminal case a "Motion for Relief by Default Judgment" [Doc. 2; Doc. 213, 3:05-cr-112]. Petitioner requests the Court "to vacate or correct [his] sentence on grounds that the sentence was imposed in violation of the constitution or law of the United States" and therefore appears to seek relief ordinarily available under § 2255 [Doc. 213 p. 2]. The Court notes that default judgment is unavailable in this context, because Petitioner can only obtain relief under § 2255 upon satisfying his burden "to show that he is in custody in violation of the Constitution of the United States." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Therefore, Petitioner's

3

Case 3:09-cv-00259-TAV-DCP   Document 3   Filed 08/04/21   Page 3 of 4   PageID #: 10

motions for default judgment [Doc. 2; Doc. 213, 3:05-cr-112] are **DENIED**. However, since Petitioner seeks § 2255 relief in this document, the Court will interpret the motion in his civil case as a supplement to his request for a second or successive § 2255 motion.

Although Petitioner's motion [Doc. 1] and supplement [Doc. 2] represent a second or successive motion to vacate under § 2255, the Court has not received authorization from the Sixth Circuit Court to consider it. Accordingly, the Clerk is **DIRECTED** to **TRANSFER** Petitioner's filings [Docs. 1, 2] to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

IT IS SO ORDERED.

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE